**So Ordered.**

 _Frederick P. Corbit_
Frederick P. Corbit
Bankruptcy Judge

**Dated: June 12th, 2014**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| In re: | **NOT FOR PUBLICATION** |
|---|---|
| QUAHLIA N. DEAS, | Case No. 14-01911-FPC7 |
| Debtor. | MEMORANDUM DECISION |

On May 20, 2014, Quahlia Deas filed her chapter 7 bankruptcy petition and accompanying schedules without the assistance of an attorney. In Ms. Deas' schedules, she identified her ownership of a 2005 Lexus ES and her intent to retain that automobile even though it is worth less than the secured debt owed to Toyota Motor Credit Corporation ("Toyota Credit"). Consistent with her intent to retain the Lexus, Ms. Deas subsequently signed a reaffirmation agreement and that agreement was presented to the bankruptcy court for approval on June 10, 2014.

At the June 10 hearing, Ms. Deas testified that: her Lexus is worth $6,500; she lives within walking distance from where she works; her take home pay is approximately $1,500 per month; and she is current on her obligations to Toyota Credit. Also, the attorney for Toyota Credit appeared at the hearing and stated that

MEMORANDUM DECISION ~ Page 1

the creditor does not dispute that Ms. Deas was current on her debt to Toyota Credit and he pointed out that the terms of the debt that Ms. Deas was proposing to reaffirm differed from what was in the court record. Toyota Credit's attorney stated that the correct terms included a principal debt of $11,499.54, an interest rate of 5.99%, and monthly payments of $408.96.

For the reasons stated at the hearing, which include that it is not in Ms. Deas' best interest to pay $11,499.54 for an automobile that is worth only $6,500, the court will not approve the reaffirmation agreement. As a result, that agreement will not be binding on Ms. Deas. However, by seeking to reaffirm her debt, Ms. Deas has substantially complied with the requirements of 11 U.S.C. § 521(a). Therefore, she may retain the Lexus as long as she continues to make timely payments to Toyota Credit.

The legal basis for the court's ruling on Ms. Deas' right to retain her automobile was articulately set forth in the holding of *In re Moustafi*, 371 B.R. 434 (Bankr. D. Ariz. 2007). In *Moustafi*, Judge Hollowell found, and this court agrees, that the Ninth Circuit's *In re Parker* decision (139 F.3d 668, 9th Cir. 1988), which permitted debtors to keep an automobile as long as timely payments were made, remains good law so long as a debtor strictly complies with section 521 of the Bankruptcy Code. Specifically, a debtor must timely file a statement indicating the intent to reaffirm the debt secured by the collateral and timely enter into a

reaffirmation agreement with the secured creditor. If a debtor does those two things, as Ms. Deas has done here, the debtor has satisfied section 521(a)'s requirements even if the reaffirmation agreement is not approved by the bankruptcy court. The judge may then issue an order permitting the debtor to retain the automobile notwithstanding any ipso facto clause in the security agreement.[1] A separate order will be entered this date specifying the rights of Ms. Deas and Toyota Credit with respect to the Lexus.

///END OF MEMORANDUM DECISION///

---

[1] In this case, the reaffirmation agreement came before the court for review because Ms. Deas was not represented by counsel. *See* 11 U.S.C. § 524(c)(6). However, a debtor represented by counsel could similarly retain her automobile if: (1) she indicated in her Statement of Intention that she will reaffirm the loan in order to retain the automobile; (2) she signed a reaffirmation agreement; (3) her attorney refused to approve the reaffirmation agreement; and (4) the bankruptcy court refused to approve the reaffirmation agreement. A reaffirmation agreement must go before a bankruptcy judge for approval if the debtor is not represented by an attorney or if the debtor's attorney refuses to certify that the agreement does not impose an undue hardship on the debtor. *See* 11 U.S.C. § 524(c)(3).